UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WILLIAM SIMMONS,

        Plaintiff,

v.

COLLECTION BUREAU HUDSON VALLEY, INC.

        Defendant.
------------------------------------------------------------x

COMPLAINT

JUDGE KARAS

08 CIV. 6407



### INTRODUCTION

1. This is an action for damages and declaratory judgment brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter, "FDCPA") and New York General Business Law § 349 (hereinafter, "NYGBL § 349").

2. Plaintiff also sues Defendant for Defamation.

3. Plaintiff brings suit based on the unfair, abusive and deceptive practices employed by Defendant in its attempt to collect an alleged debt from Plaintiff.

### JURISDICTION AND VENUE

4. The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. 1337.

5. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue in this District is proper in that the Defendant transacts business in the District and the conduct complained of occurred in the District.

## PARTIES

8. Mr. Simmons is a natural person who resides in the County of the Orange, New York.

9. Mr. Simmons is a consumer under the FDCPA, § 1692a(3).

10. Collection Bureau Hudson Valley, Inc. (hereinafter, "CBHV") is a limited liability company engaged in the business of collecting debts in this state, with its principal place of business located at 155 North Plank Road, Newburgh, New York 12550.

11. CBHV's principal purpose is the collection of debts and CBHV regularly attempts to collect debts alleged to be due another.

12. CBHV is a debt collector under the FDCPA, §1692a(6).

## FACTS

13. On or about November 29, 2007, Mr. Simmons attempted to obtain an auto loan in order to purchase a vehicle for personal use from Healey Chevrolet Oldsmobile, Inc. located in Beacon, New York (hereafter, "the Dealer").

14. Mr. Simmons sought to buy this vehicle to replace his existing automobile, which suffered from serious mechanical problems and was no longer road worthy.

15. Specifically, Mr. Simmons sought to purchase a 2005 Chevrolet Equinox by putting $500 down and financing the remainder at approximately eight percent interest.

16. These terms were proposed by the dealer, who informed Mr. Simmons that he should qualify for such a loan based on the information he had provided about his income and his representation that he had good credit.

17. After Mr. Simmons and the Dealer had agreed in principle to the purchase, the Dealer asked Mr. Simmons to wait in the waiting area while the Dealer "ran his credit".

18. After an extended wait of several hours, the Dealer informed Mr. Simmons that he did not qualify for the loan previously discussed and would only be able to purchase the vehicle by paying the same or a higher price and financing the purchase at the higher interest rate of 9.59% interest.

19. In dire need of a vehicle, Mr. Simmons agreed to the more expensive terms and purchased the 2005 Equinox for $20,709 at 9.59% interest.

20. Mr. Simmons was humiliated and embarrassed by the events described above.

21. Mr. Simmons, subsequently accessed his credit reports and learned that his credit had been damaged by entries indicating that he had past due debts owed to Defendant.

22. These entries indicated that CBHV was owed money based on debts originally owed to Advanced Medical Imaging PC and Peak Physical Therapy.

23. Mr. Simmons has never entered into any contract with, nor incurred any debt with CBHV or either of the two alleged original creditors referenced above.

24. Mr. Simmons' wife, Virginia Simmons, has received services from both of the original creditors listed above in the course of being treated for grave and serious illness.

25. Any debt incurred by Mrs. Simmons was hers and hers alone. Mr. Simmons neither received services from these creditors, nor signed any contract with them, nor did he take any other action which provided a reasonable basis for CBHV's actions as described herein.

26. After Mr. Simmons disputed the above referenced entries on his credit report with Experian and Equifax, Defendant sent Mr.and Mrs. Simmons a letter dated January 22, 2008,

27. "Re: Advanced Medical Imaging. . . " stating:

> To Whom It May Concern:
> Please be advised that the above account has been deleted from Experian and Equifax Credit Information Services.
> We apologize for any inconvenience this may have caused.

CBHV-Advanced Medical Imaging letter, attached hereto as Exhibit 1.

28. In the same envelope from CBHV, Mr. Simmons also received a letter dated January 22, 2008 "Re: Peak Physical Therapy" with identical text as the letter described immediately above. See CBHV-Peak Physical Therapy" letter attached hereto as Exhibit 2.

29. At all times and with regard to each of the factual and legal allegations made in this Complaint, upon information and belief, Defendants acted willfully, knowingly and in bad faith.

30. Specifically, without limitation, upon information and belief Defendants knew or should have known that the debt which they sought to collect Mr. Simmons was not his.

31. Upon information and belief, Defendants sought to collect the debt from Mr. Simmons rather than Virginia Simmons not based upon any reasonable belief that he was legally responsible for the debt but rather merely because they thought that dunning him might result in his paying the debt allegedly incurred by his wife, Virginia.

32. As a result of Defendant's actions, Mr. Simmons has suffered pecuniary and non-pecuniary harm, including but not limited to damage to his credit, increased loan costs, humiliation, distress and embarrassment.

## FIRST CAUSE OF ACTION
### The Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA")

33.     Mr. Simmons repeats and re-alleges and incorporates by reference the foregoing paragraphs.

34.     Defendants' actions and omissions as set forth above constitute violations of the FDCPA, defendants violated the FDCPA. These violations include, without limitation:

   a. Threatening, attempting and/or actually taking collection activity against Mr. Simmons, including but not limited to reporting a debt not his to one or more Credit Reporting Agencies in violation of, inter alia, §§1692e, 1692e(2); 1692e(5); 1692e(8); 1692e(10); 1692f, 1692f(1).

35.     As a result of these violations, Mr. Simmons has suffered pecuniary and non-pecuniary harm.

36.     Mr. Simmons repeats and re-alleges and incorporates by reference the foregoing paragraphs.

## SECOND CAUSE OF ACTION
### NYGBL § 349 (Deceptive Acts and Practices Unlawful)

37.     Mr. Simmons repeats and re-alleges and incorporates by reference the foregoing paragraphs.

38.     Each of the deceptive acts and practices set forth above, including but not limited to each deceptive act and practice set forth in the First Cause of Action was committed in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of §349 independent of whether it also constituted a violation of any other law.

39. As a result of these violations of NYGBL §349, Mr. Simmons has suffered pecuniary and non-pecuniary harm.

### THIRD CAUSE OF ACTION
### Defamation

40. Mr. Simmons repeats and re-alleges and incorporates by reference the foregoing paragraphs.

41. Defendant made false and defamatory statements concerning Mr. Simmons.

42. Specifically, and without limitation, Defendant stated that Mr. Simmons was late in paying a debt when, in fact, Mr. Simmons had already paid/settled the alleged debt.

43. Defendant knew or should have known that that these statements were false.

44. Defendant published these statements to numerous third parties, including Experian and Equifax.

45. The publication of these false and defamatory statements to said third parties resulted in injury, including pecuniary injury, to Mr. Simmons.

**WHEREFORE** Mr. Simmons respectfully requests this Court to:

a. On the FIRST CAUSE OF ACTION (FDCPA), Declaratory Judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692 k;

b. On the SECOND CAUSE OF ACTION (NYGBL § 349), actual damages, three times the actual damages up to $1000, costs and reasonable attorneys fees pursuant to NYGBL § 349(h).

c. On the THIRD CAUSE OF ACTION (DEFAMATION), actual damages, punitive

damages, costs and reasonable attorneys fees;

d. Award such other and further relief as law or equity may provide.

Respectfully Submitted,

*[signature]*

Daniel A. Schlanger, Esq.
(ds-9330)
Schlanger & Schlanger, LLP
1025 Westchester Ave., Suite 108
White Plains, NY 10604
Ph: 914-946-1981
Fax: 914-946-2930
email: daniel@schlangerlegal.com

# ≋CBHV

**Collection Bureau Hudson Valley, Inc**

155 North Plank Road • P.O. Box 831 • Newburgh, NY 12550-0831 • Phone 845 561-6886 • 800 745-1395 • Fax 845 561-1540

*After I disputed the Information with the Credit Bureau*

William
Virginia Simmons
4 Dees Way.
Newburgh, N.Y. 12550

Date: 1/22/08

RE: Advanced Medical Imaging
D62610009
$446.00

To Whom It May Concern:

Please be advised that the above account has been deleted from Experian and Equifax Credit Information Services.

We apologize for any inconvenience this may have caused.

Sincerely,

*Donna Harb*

Collection Department

Member ACA International Since 1975



**CBHV**
Collection Bureau Hudson Valley, Inc.
155 North Plank Road • P.O. Box 831 • Newburgh, NY 12550-0831 • Phone 845-561-0800 • 800-745-1205 • Fax 845-561-1540

William Simmons
4 Dees Way
Newburgh, NY 12550

Date: 1/22/08

RE: Peak Physical Therapy
D71070646
$194.00

To Whom It May Concern:

Please be advised that the above account has been deleted from Experian and Equifax Credit Information Services.

We apologize for any inconvenience this may have caused.

Sincerely,

Donna Haas

Collection Department

*Member ACA International Since 1975*

<mark>Case 7:08-cv-06407-KMK    Document 1-3    Filed 07/17/2008    Page 2 of 2</mark>



**CBHV**
Collection Bureau Hudson Valley, Inc

155 North Plank Road • P.O. Box 831 • Newburgh, NY 12550-0831 • Phone 845 561-6880 • 800 745-1395 • Fax 845 561-1540

01/17/08

071070646
WILLIAM SIMMONS
VIRGINIA SIMMONS
4 DEES WAY
NEWBURGH, NY 12550-1780

RE: PEAK PHYSICAL THERAPY
YOUR CASE NUMBER IN OUR OFFICE IS 071070646
CREDITOR'S ACCOUNT # 169675
ACCOUNT BALANCE: $.00

TO WHOM IT MAY CONCERN:

AS OF 01/17/08
THE ABOVE REFERENCED ACCOUNT IS NOW PAID IN FULL.

DISCLAIMER TO POTENTIAL CREDITORS:
   SOME CIRCUMSTANCES MAY RESULT IN ADDITIONAL BALANCES
   DUE ON THIS ACCOUNT OR FOR THIS INDIVIDUAL.
   PLEASE VERIFY WITH THE CREDITOR OR WITH CBHV THAT THERE
   ARE NO ADDITIONAL AMOUNTS DUE.

SINCERELY,

MRS BENNETT EXT 221
COLLECTION REPRESENTATIVE
COLLECTION BUREAU OF THE HUDSON VALLEY, INC.
(845) 561-1395

*Member ACA International Since 1975*